UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**STEUBEN FOODS, INC.,**

                *Plaintiff*,

    -*vs*-

**GEA PROCESS ENGINEERING, INC.
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.**

                *Defendant*.

---

**COMPLAINT**

Civil Action No.

**JURY TRIAL DEMANDED**

---

The plaintiff, Steuben Foods, Inc. ("Steuben"), by its attorneys, Hiscock & Barclay, LLP,

for its Complaint against the defendants, GEA Process Engineering, Inc. d/b/a GEA Procomac

("Process Engineering") and GEA Procomac S.p.A. ("Procomac", and together with Process

Engineering, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.    This is an action brought pursuant to the Patent Laws of the United States of

America, 35 U.S.C. § 100 *et seq*., for infringement of United States Patents.

<u>**PARTIES**</u>

2.    Steuben is a New York corporation which maintains a place of business at 1150

Maple Road in Elma, New York 14059.

3.    Upon information and belief, GEA Process Engineering, Inc. ("Process

Engineering"), is a Maryland corporation, registered to do business in the State of New York,

which maintains places of business at 9165 Rumsey Road, Columbia, Maryland 21045 and 1600

O'Keefe Road, Hudson, Wisconsin 54016.

4.      Upon information and belief, GEA Procomac S.p.A. ("Procomac") is an Italian company, which maintains a place of business at Via Fedolfi 29 – 43038 Sala Baganza (Parma) Italy.

5.      Upon information and belief, Process Engineering is a subsidiary of GEA North America, Inc. ("GEA North America").   Upon further information and belief, Process Engineering, GEA North America and Procomac are affiliated sister companies, being subsidiaries and/or divisions of the global parent GEA Group AG, which upon information and belief is a German corporation.

## JURISDICTION AND VENUE

6.      This Court possesses subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. §§ 271 and 281-285.

7.      This Court possesses personal jurisdiction over Defendants in that Defendants are doing and have done business in New York, including within this District.   Additionally, Defendants contract to supply goods or services throughout New York, including within this District.

8.      Alternatively, this Court possesses personal jurisdiction over Defendants in that Defendants have committed tortious acts in New York.

9.      Alternatively, this Court possesses personal jurisdiction over Defendants in that Defendants have committed acts of patent infringement outside of New York, which caused injury within the State, and they:

      a)   regularly do or solicit business in New York;

      b)   derive substantial revenue from goods used or consumed, or services rendered, in New York; or

2

6406164

c)   expect or should reasonably expect their acts of patent infringement to have consequences in New York, and they derive substantial revenue from interstate or international commerce.

10.     Venue is proper in the United States District Court for the Western District of New York  under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

## FACTUAL BACKGROUND

**A.     STEUBEN'S PATENTS.**

11.     On September 20, 2005, the U.S. Patent and Trademark Office (the "PTO") issued U.S. Patent No. 6,945,013, entitled, "Method And Apparatus For Aseptic Packaging" ("'013 Patent").  The '013 Patent, a copy of which is annexed as Exhibit A, is fully incorporated into this Complaint by reference.

12.     The '013 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '013 Patent, including the right to sue for infringement of the 013' Patent.

13.     The '013 Patent relates generally to systems for the aseptic packaging of food products, and more particularly to claimed methods for automatically aseptically bottling aseptically sterilized foodstuffs at rates greater than 100 bottles per minute.

14.     On March 25, 2003, the PTO issued U.S. Patent No. 6,536,188, entitled, "Method And Apparatus For Aseptic Packaging" ("'188 Patent").  The '188 Patent, a copy of which is annexed as Exhibit B, is fully incorporated into this Complaint by reference.

15.     The '188 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '188 Patent, including the right to sue for infringement of the '188 Patent.

16.     The '188 Patent relates generally to systems for the aseptic packaging of food products, and more particularly to claimed methods for aseptically bottling aseptically sterilized foodstuffs at rates greater than 100 bottles per minute.

17.     On November 19, 2002, the PTO issued U.S. Patent No. 6,481,468, entitled, "Apparatus And Method For Providing Container Filling In An Aseptic Processing Apparatus" ("'468 Patent").  The '468 Patent, a copy of which is annexed as Exhibit C, is fully incorporated into this Complaint by reference.

18.     The '468 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title, and interests in the '468 Patent, including the right to sue for  infringement of the 468' Patent.

19.     The '468 Patent relates generally to systems for the aseptic packaging of food products, and more particularly to claimed methods for controlling the flow of an aseptic product using a valve and a sterile region surrounding the valve where the product exits the valve.

20.     On November 5, 2002, the PTO issued U.S. Patent No. 6,475,435, entitled, "Apparatus And Method For Providing Sterilization Zones In An Aseptic Packaging Sterilization Tunnel" ("'435 Patent").  The '435 Patent, a copy of which is annexed as Exhibit D, is fully incorporated into this Complaint by reference.

21.     The '435 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '435 Patent, including the right to sue for infringement of the '435 Patent.

22.     The '435 Patent relates generally to systems for the aseptic packaging of food products, and more particularly to claimed apparatus and methods for providing a plurality of

4

sterilization zones in a sterilization tunnel surrounding a plurality of containers with pressurized gas.

23.     On April 3, 2001, the PTO issued U.S. Patent No. 6,209,591, entitled, "Apparatus and Method for Providing Container Filling In An Aseptic Processing Apparatus" ("'591 Patent"). The '591 Patent, a copy of which is annexed as Exhibit E, is fully incorporated into this Complaint by reference.

24.     The '591 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '591 Patent, including the right to sue for infringement of the 591' Patent.

25.     The '591 Patent relates generally to systems for the aseptic packaging of food products, and more particularly to claimed apparatus and methods including a valve for controlling a flow of product, first and second sterile regions surrounding the product, and a valve activation mechanism.

26.     The '013 Patent, '188 Patent, '468 Patent, '435 Patent, and '591 Patent are collectively referred to below as the "Patents in Suit."

**B.     INFRINGEMENT BY DEFENDANTS.**

27.     In contravention of 35 U.S.C. § 271, Defendants have infringed the Patents in Suit by manufacturing, making, using, selling, offering to sell, importing, and/or distributing certain low-acid aseptic bottle filling machines embodying one or more claims of the Patents in Suit (each an "Infringing Machine" and collectively the "Infringing Machines"), without authorization or license from Steuben Foods. Without limitation, Defendants' Infringing Machines include their "Unibloc" or "ECOSpin" systems, including without limitation the "Fillstar" bottle filling machine constituting a component thereof.

5

28.     In contravention of 35 U.S.C. § 271, Defendants have actively induced infringement of the Patents in Suit by, without authorization or approval from Steuben, selling and offering to sell, importing and/or distributing the Infringing Machines to others in the United States, who use the Infringing Machines, and practice the methods claimed by the Patents in Suit, to aseptically fill containers such as bottles or jars with aseptically sterilized foodstuffs in violation of the Patents in Suit.  Defendants sell, offer to sell, import and distribute the Infringing Machines to others in the United States, with knowledge that the Infringing Machines infringe the Patents in Suit and with the specific intent that their customers use the Infringing Machines to practice the methods claimed in the Patents in Suit as set forth herein.

29.     In contravention of 35 U.S.C. § 271, Defendants have contributed to infringement of the Patents in Suit by, without authorization or approval from Steuben, selling the Infringing Machines and/or components thereof, which have no substantial non-infringing uses, to others in the United States who use the Infringing Machines, and practice the methods claimed by the Patents in Suit, to aseptically fill containers such as bottles or jars with aseptically sterilized foodstuffs in violation of the Patents in Suit as set forth herein.

30.     Upon information and belief, Procomac has sold Nestlé USA ("Nestlé") six Infringing Machines.

31.     Upon information and belief, Procomac installed those six machines at Nestlé's manufacturing facility in Anderson, Indiana.

32.     Upon information and belief, Nestlé is using the Infringing Machines to practice methods that infringe the Patents in Suit by using the machines to aseptically fill containers such as bottles or jars with aseptically sterilized foodstuffs in violation of the Patents in Suit as set forth herein.

6

33.     Upon information and belief, Process Engineering is in the process of selling or has sold an Infringing Machine to Jasper Products, LLC ("Jasper") that Jasper will use in its manufacturing facility in Joplin, Missouri to practice  methods that infringe the Patents in Suit by using the machines to aseptically fill containers such as bottles or jars with aseptically sterilized foodstuffs in violation of the Patents in Suit as set forth herein.

## C.     NOTICE TO DEFENDANTS OF THE PATENTS IN SUIT.

34.     On or about October 13, 2011, Steuben sent a letter to Defendants that placed them on formal notice of the existence of the Patents in Suit and informed them of Steuben's assertion that their sale of the Infringing Machines infringes the Patents in Suit.  Defendants have acknowledged receipt of that letter.

35.     In November, 2011, representatives of Defendants attended the *ASEPTIPAK Global Forum on Aseptic Processing, Filling & Packaging* in Chicago, Illinois, the aseptic industry's annual forum.  At that forum, the featured panel discussion was the *Legal Status and Commercial Impact of the Steuben Litigation* (referring to the Patents in Suit and the two enforcement lawsuits filed by that time by Steuben Foods).

36.     Having actual and direct notice of the Patents in Suit, Defendants knowingly and willfully continue to infringe the Patents in Suit in blatant disregard of Steuben's rights, title and interests in the Patents in Suit.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## (Infringement of U.S. Patent No. 6,945,013)

37.     Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 36 as if fully set forth here.

7

6406164

38.     Defendants, either alone or in conjunction with others, have infringed and continue to infringe the '013 Patent, literally and/or by the doctrine of equivalents, by, without authorization or approval from Steuben, manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines.

39.     Defendants have had actual and direct notice of the '013 Patent since at least the October 13, 2011 letter.

40.     Despite being actually and directly on notice of the '013 Patent, and Steuben's rights, title and interests therein, Defendants have continued manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines without authority or license from Steuben Foods.

41.     Defendants are liable for direct infringement, contributory infringement, and inducing infringement of the '013 Patent.

42.     Defendants' infringement of the '013 Patent has irreparably injured and damaged Steuben and will cause Steuben further irreparable injury and damage in the future unless Defendants are enjoined from further infringement.

43.     Steuben is entitled to recovery of treble damages, attorneys' fees and costs from Defendants in that Defendants' infringement of the '013 Patent has been willful, deliberate, and intentional.

## SECOND CAUSE OF ACTION
### (Infringement of U.S. Patent No. 6,536,188)

44.     Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 43 as if fully set forth here.

45.     Defendants, either alone or in conjunction with others, have infringed and continue to infringe the '188 Patent, literally and/or by the doctrine of equivalents, by, without

authorization or approval from Steuben, manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines.

46.    Defendants have had actual and direct notice of the '188 Patent since at least the October 13, 2011 letter.

47.    Despite being actually and directly on notice of the '188 Patent, and Steuben Foods' rights, title and interests therein, Defendants have continued manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines without authority or license from Steuben.

48.    Defendants are liable for direct infringement, contributory infringement, and inducing infringement of the '188 Patent.

49.    Defendants' infringement of the '188 Patent has irreparably injured and damaged Steuben and will cause Steuben further irreparable injury and damage in the future unless Defendants are enjoined from further infringement.

50.    Steuben is entitled to recovery of treble damages, attorneys' fees and costs from Defendants in that Defendants' infringement of the '188 Patent has been willful, deliberate, and intentional.

**THIRD CAUSE OF ACTION**
**(Infringement of U.S. Patent No. 6,481,468)**

51.    Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 50 as if fully set forth here.

52.    Defendants, either alone or in conjunction with others, have infringed and continue to infringe the '468 Patent, literally and/or by the doctrine of equivalents, by, without authorization or approval from Steuben, manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines.

53.     Defendants have had actual and direct notice of the '468 Patent since at least the October 13, 2011 letter.

54.     Despite being actually and directly on notice of the '468 Patent, and Steuben's rights, title and interests therein, Defendants have continued manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines without authority or license from Steuben.

55.     Defendants are liable for direct infringement, contributory infringement, and inducing infringement of the '468 Patent.

56.     Defendants' infringement of the '468 Patent has irreparably injured and damaged Steuben Foods and will cause Steuben further irreparable injury and damage in the future unless Defendants are enjoined from further infringement.

57.     Steuben is entitled to recovery of treble damages, attorneys' fees and costs from Defendants in that Defendants' infringement of the '468 Patent has been willful, deliberate, and intentional.

## FOURTH CAUSE OF ACTION
## (Infringement of U.S. Patent No. 6,475,435)

58.     Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 57 as if fully set forth here.

59.     Defendants, either alone or in conjunction with others, have infringed and continue to infringe the '435 Patent, literally and/or by the doctrine of equivalents, by, without authorization or approval from Steuben, manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines.

60.     Defendants have had actual and direct notice of the '435 Patent since at least the October 13, 2011 letter.

61.     Despite being actually and directly on notice of the '435 Patent, and Steuben's rights, title and interests therein, Defendants have continued manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines without authority or license from Steuben.

62.     Defendants are liable for direct infringement, contributory infringement, and inducing infringement of the '435 Patent.

63.     Defendants' infringement of the '435 Patent has irreparably injured and damaged Steuben and will cause Steuben further irreparable injury and damage in the future unless Defendants are enjoined from further infringement.

64.     Steuben is entitled to recovery of treble damages, attorneys' fees and costs from Defendants in that Defendants' infringement of the '435 Patent has been willful, deliberate, and intentional.

### FIFTH CAUSE OF ACTION
### (Infringement of U.S. Patent No. 6,209,591)

65.     Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 64 as if fully set forth here.

66.     Defendants, either alone or in conjunction with others, have infringed and continue to infringe the '591 Patent, literally and/or by the doctrine of equivalents, by, without authorization or approval from Steuben, manufacturing, making, using, selling, offering to sell, importing, and/or distributing the Infringing Machines.

67.     Defendants have had actual and direct notice of the '591 Patent since at least the October 13, 2011 letter.

68.     Despite being actually and directly on notice of the '591 Patent, and Steuben's rights, title and interests therein, Defendants have continued manufacturing, making, using,

selling, offering to sell, importing, and/or distributing the Infringing Machines without authority or license from Steuben.

69.     Defendants are liable for direct infringement, contributory infringement, and inducing infringement of the '591 Patent.

70.     Defendants' infringement of the '591 Patent has irreparably injured and damaged Steuben Foods and will cause Steuben further irreparable injury and damage in the future unless Defendants are enjoined from such infringement.

71.     Steuben is entitled to recovery of treble damages, attorneys' fees and costs from Defendants in that Defendants' infringement of the '591 Patent has been willful, deliberate, and intentional.

## REQUEST FOR RELIEF

**WHEREFORE**, Steuben respectfully requests that this Court enter judgment against Defendants, in favor of Steuben, including the following relief:

1.     A judgment that U.S. Patent Nos. 6,945,013, 6,536,188, 6,481,468, 6,475,435 and 6,209,591 are valid and enforceable;

2.     A judgment declaring that Defendants have infringed the '013 Patent;

3.     A judgment declaring that Defendants have infringed the '188 Patent;

4.     A judgment declaring that Defendants have infringed the '468 Patent;

5.     A judgment declaring that Defendants have infringed the '435 Patent;

6.     A judgment declaring that Defendants have infringed the '591 Patent;

7.     An injunction temporarily and permanently enjoining Defendants, and their agents, employees, officers, directors, attorneys, successors and assigns, and all persons in active concert and/or participation with each or any of them, from further infringing

the Patents in Suit, whether by direct infringement, contributory infringement, and/or inducement of infringement in accordance with 35 U.S.C. § 283;

8.      An accounting of the profits derived by Defendants as a result of their infringement of the Patents in Suit and an assessment of the damages suffered by Steuben Foods;

9.      An award of damages to Steuben adequate to compensate it for Defendants' direct infringement of the Patents in Suit, and for Defendants' indirect infringement of the Patents in Suit involving the infringement of the Patents in Suit by others induced or contributed to by Defendants;

10.     A determination that Defendants' infringement of the Patents in Suit has been willful, deliberate, and/or intentional;

11.     An award of treble damages for Defendants' willful, deliberate, and/or intentional infringement of the Patents in Suit;

12.     An award of interest on the amount of damages found, including pre-judgment and post-judgment interest;

13.     A determination that this is an exceptional case pursuant to 35 U.S.C. § 285, thereby entitling Steuben to an award of its costs, expenses, and attorneys' fees incurred in prosecuting this action; and

14.     Such further relief that this Court deems proper.

### JURY DEMAND

Steuben Foods demands a trial by jury on all issues so triable.

6406164

**DATED:**        September 24, 2012                    **HISCOCK & BARCLAY, LLP**

Attorneys for the Plaintiff
*Steuben Foods, Inc.*

By:  <u>*s/ Thomas B. Cronmiller*</u>
        Thomas B. Cronmiller
        Christopher E. Blank
        W. Cook Alciati

2000 HSBC  Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone: (585) 295-4305
tcronmiller@hblaw.com
cblank@hblaw.com
calciati@hblaw.com

6406164