**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**STEUBEN FOODS, INC.,**

                             **Plaintiff,**                             12-CV-0904S(Sr)

**v.**

**GEA PROCESS ENGINEERING, INC, et al.,**

                             **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #22.

Steuben Foods, Inc. ("Steuben Foods"), manufactures low-acid aseptic products, *i.e.*, dairy based products that do not need to be refrigerated until after they are opened. Steuben Foods is the exclusive owner of all rights, title and interests in the following patents, which were issued between 2001 and 2005: (1) U.S. Patent No. 6,945,013 relating to a method and apparatus for providing aseptic bottling of aseptically sterilized foodstuffs at rates greater than 100 bottles per minute; (2) U.S. Patent No. 6,536,188 relating to aseptic bottling of aseptically sterilized foodstuffs at rates greater than 100 bottles per minute; (3) U.S. Patent No. 6,481,468 relating to control of the flow of an aseptic product using a valve and a sterile region surrounding the valve where the product exits the valve; (4) U.S. Patent No. 6,475,435 relating to apparatus and methods for providing a plurality of sterilization zones in a sterilization tunnel surrounding a plurality of containers with pressurized gas; and (5) U.S. Patent

No. 6,209,591 relating to apparatus and methods for providing a valve for controlling flow of product, first and second sterile regions surrounding the product, and a valve activation mechanism.  Dkt. #1, ¶¶ 11-25.

Defendant GEA Procomac S.p.A manufactures bottle filling systems in Italy and defendant GEA Process Engineering, Inc. (collectively, "GEA"), has sold the allegedly infringing bottle filling systems in the United States.  Dkt. #56, p.7.  GEA provided Steuben with a detailed quote for the sale of its allegedly infringing filling systems in 2003, 2004, 2007 and 2009.  Dkt. #64, p.8.  GEA also informed Steuben that it had installed the allegedly infringing filling systems at Nestle USA in 2009.  Dkt. #56-6.  Nestle USA is a customer of Steuben.  Dkt. #59, p.7.

In 2010, a third party requested *ex parte* reexamination of U.S. Patent No. 6,536,188 and U.S. Patent No. 6,945,013.  Dkt. #59, p.8.  The requests for reexamination were granted by the United States Patent and Trademark Office ("PTO"). Dkt. #59, p.8.

"In 2011, Steuben learned that GEA was considering selling an aseptic bottle filler to one if its largest direct competitors, Jasper Products, LLC ("Jasper")," prompting Steuben to place GEA on notice of its infringement claims."  Dkt. #59, p.7.

In 2012, the third party requested, and the PTO granted, *ex parte* reexamination of U.S. Patent No. 6,475,435.  Dkt. #59, p.8. Thereafter, Shibuya Kogyo Co. Ltd. ("Shibuya"), a defendant in another patent infringement action pending in this

district,[1] requested and was granted *inter partes* reexamination ("IPR"), of U.S. Patent No. 6,481,468 and *ex parte* reexamination of U.S. Patent No. 6,209,591. Dkt. #59, p.8.

This action was filed on September 24, 2012. Dkt. #1. Steuben Foods alleges that defendants have infringed upon its patents by selling, importing and distributing machinery which aseptically fill containers with aseptically sterilized foodstuffs. Dkt. #1, ¶ 28. Defendants deny infringement of any valid and enforceable patent and assert, or seek to assert by pending motion to amend, affirmative defenses of, *inter alia*, invalidity, estoppel, inequitable conduct in the course of reexamination proceedings and patent misuse. Dkt. #70.

Pursuant to the Court's Case Management Order, the parties have exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Steuben has served it asserted claims and preliminary infringement contentions, with document production. Dkt. #48.

Currently before the Court is defendants' motion to stay this action pending the PTO's reexamination of the patents at issue in this proceeding. Dkt. #53. In support of the motion, defendants argue that "almost all of the claims contained in the patents that Steuben asserted against GEA have been determined to be unpatentable by the PTO in the ongoing reexaminations;" that "GEA currently intends to petition the PTO to institute IPR invalidity proceeding(s) against one or more of

---

[1] *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 10-cv-781A(M). Defendant's motion to stay is currently pending. Dkt. #111.

Steuben's patents-in-suit;"[2] and that Steuben "has been cancelling, adding, and amending claims" during the pendency of this action, making it impossible to assess Steuben's claims against it. Dkt. #56, pp.6, 8-9 & 14. Having waited years following GEA's sale of its machinery to Nestle, GEA argues that Steuben cannot claim that the delay caused by a stay could cause prejudice. Dkt. #56, pp.12-13. Moreover, GEA argues that the potential delay in collecting monetary damages cannot constitute prejudice. Dkt. #56, p.13. GEA argues that staying this action pending conclusion of reexamination proceedings before the PTO will simplify and clarify the issues before this Court, afford this Court the benefit of the PTO's expertise, and conserve both the parties' and the court's resources. Dkt. #56, pp.15-17.

Plaintiff opposes a stay, arguing that defendants were aware of the reexaminations prior to the commencement of this action, but strategically chose to wait to request a stay until they had received discovery, including plaintiff's preliminary infringement contentions. Dkt. #59, p.12. Plaintiff notes that GEA admits that it "has known for months, if not years, of the prior art on which it would rely in challenging the validity of the patents-in-suit, which suggests that its continued delay in filing a petition for an IPR has been a tactical decision with the hope of delaying this action." Dkt. #59, p.16. Plaintiff argues that the duration of the stay could be substantial, as GEA has not yet sought IPR for some of the patents, which, if granted, could easily take years to complete. Dkt. #59, pp.14-15 & 21. Plaintiff argues that a stay will cause prejudice because the aseptic bottling market is just now emerging and GEA is continuing to sell

---

[2] "GEA's IPR petitions are statutorily due by October 10, 2013." Dkt. #64, p.10.

infringing equipment to both current and potential customers of Steuben, as well as to Steuben's direct competitors. Dkt. #59, p.12. "With each sale of an infringing bottle filler," Steuben argues that "GEA slowly erodes Steuben's potential market share and good will in the marketplace for aseptic plastic bottles." Dkt. #59, p.7. Plaintiff argues that a loss of market share and goodwill in the marketplace cannot be remedied by subsequent money damages. Dkt. #59, p.18. Moreover, plaintiff argues that a stay would foreclose it from enforcing those patents which "are on the verge of emerging from reexamination," as well as claims which are not subject to reexamination, and would not eliminate the need for further action in this court because GEA's affirmative defenses cannot be addressed by the PTO in reexamination proceedings and, to the extent that the GEA chooses not to file requests for IPR, the results of the reexamination proceedings will not be binding upon GEA and will remain as issues to be addressed in this action. Dkt. #59, pp.22 & 24-26.

    GEA replies that a stay will prevent it from litigating those claims that the PTO rejects as unpatentable and afford the Court the benefit of the PTO's analysis of the remaining claims. Dkt. #64, pp.3-4 & 6. GEA notes that it promptly moved for a stay after the PTO rejected 34 of the 36 claims Steuben accuses GEA of infringing and that its motion for a stay was filed within two weeks of Steuben's amendment of all remaining patent claims on the '591 patent, such amendement demonstrating the changing scope of the claims in this litigation. Dkt. #64, pp.3 & 9-10. GEA notes that even if the PTO reissues patents upon the amended claims, Steuben will not be able to allege infringement with respect to amended claims "because all of GEA's allegedly infringing activities with respect to the Jasper and Nestle machines occurred in the past,

and are statutorily exempted from infringement of Steuben's amended claims." Dkt. #64, p.5.  GEA states that it intends to file IPRs against all five of the patents at issue in this litigaiton.  Dkt. #64, p.12.

In *sur* reply, Steuben emphasizes that its patents are presumed valid throughout the multiple stages of reexamination and cannot be considered unenforceable until the reexamination process is complete.  Dkt. #67.

"The district court has the inherent power to control and manage its docket, which includes the authority to order a stay pending the outcome of reexamination proceedings in the PTO."  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999), *citing Ethicon, Inc. v. Quig*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  In a reexamination proceeding, the PTO reconsiders the validity of an existing patent.  *Fischer-Price, Inc. v. Kids II, Inc.,* No. 10-CV-988, 2011 WL 6409665, at * 4 (W.D.N.Y. Dec. 21, 2011). "One purpose of the reexamination procedure is to eliminate the issue of patent claim validity (when the claim is cancelled by the [PTO]), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983).  "The procedure was intended to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011).

"However, a district court may allow a case to move forward while reexaminations are underway since the functions of the courts and the Patent Office are very different and are concepts not in conflict." *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.,* 10-CV-781, 2011 WL 3608064, at * (W.D.N.Y. Aug. 15, 2011)*, quoting TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F.Supp.2d 169, 176 (S.D.N.Y. 2009); *See Ethicon*, 849 F.2d at 1427 ("precise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications, but may also consider challenges to validity on other grounds.") (internal citations omitted). "Before the district court, a patent is presumed valid and the party asserting invalidity must prove the facts to establish invalidity of each claim by clear and convincing evidence," while "in a reexamination proceeding before the PTO, there is no presumption of validity and there must only be a preponderance of the evidence to show nonpatentability before the PTO may reject the patent claim(s)." *Xerox Corp.*, 69 F. Supp.2d at 407, *citing Ethicon*, 849 F.2d at 1427.

"In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox,* 69 F. Supp.2d at 406.

**Prejudice**

In light of its representation of additional pending sales by defendants within the United States and direct competition between the parties for market share in an emerging market for aseptic bottling, the Court finds that a stay of this proceeding would prejudice Steuben. See *Nippon Steel & Sumito Metal Corp. v. Posco*, No. 12-2429, 2013 WL 1867042, at *5 (D.N.J. May 2, 2013)("But when parties are directly competing and the landscape of the relevant market is changing, it presents a circumstance where justice demands that the allegedly aggrieved party be given an opportunity to litigate its claims – and sooner rather than later."); *Imagevision.Net, Inc. v. Internet Payment Exchange, Inc*., No. 12-054, 2013 WL 663535, *6 (D. Del. Feb. 25, 2013)(It is well established that courts are generally reluctant to stay proceedings where the parties are direct competitors.); *Tesco Corp. v. Weatherford Int'l Inc*., 722 F. Supp.2d 755, 762 (S.D. Texas 2010) ("Where the parties are direct competitors, a stay would likely prejudice the nonmovant.").

**Simplification of Issues**

The Court is persuaded that, although reexaminations are under way, there are not likely to simplify the issues in this court to such a degree as would merit a stay because the pending reexaminations will not address all of the issues pending in this action and will not preclude GEA from challenging the validity of claims confirmed by the PTO in this action. See *Nippon*, 2013 WL 1867042, at *9 (*ex parte* reexamination less likely to simplify issues because the requesting party is not estopped from later asserting, in civil litigation, all of its invalidity arguments, even those rejected by the PTO); *Fischer-Price*, 2011 WL 6409665 at * 4 (same); *TouchTunes*, 676

F. Supp.2d at 177 (denying stay where rejection of fewer than all of the claims on reexamination would leave numerous issues before the district court); *Robbins v. H.H. Brown Shoe Co., Inc.*, 2009 WL 2170174, at *2 (S.D.N.Y. 2009) (denying stay where there were significant, complex issues which would remain after reexamination and where defendants proffered nothing more than generic statistics as to prevalence of claim amendment during reexamination). Given the similarity of the patents at issue in this action, it seems unlikely that the scope of discovery would be substantially affected by anything less than complete rejection or amendment of all of Steuben's original claims. *See Steuben Foods,* 2011 WL 3608064, at *7 (single most important characteristic affecting propriety of stay is whether discovery will be substantially similar regardless of whether the case proceeds to trial on every patent currently at issue).

**Procedural Posture**

Although this action remains far from a trial date, it has been pending for a year and discovery has been exchanged, including Steuben's disclosure of claims and preliminary infringement contentions. In contrast, defendants have yet to request IPR. *See Imagevision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054, 2013 WL 663535, *4 (D. Del. Feb. 25, 2013) ("the early stage of the litigation must be balanced against the stage of the reexamination proceedings."). Even assuming that GEA requests IPR and that its requests are granted by the PTO, it seems unlikely, given the statistics as to the average duration of such proceedings, that they would be final before this action would be ready for trial. *See Prestige Jewelry Int'l, Inc. v. BK Jewellery HK,* No. 11 Civ. 2930, 2012 WL 2899077, at *3 (S.D.N.Y. July 16, 2012) ("courts in this circuit have regularly found prejudice where a reexamination would

prolong the litigation); *Steuben Foods*, 2011 WL3608064, at *8 ("The Court wants to avoid a situation in which intentionally or coincidentally staggered requests for reexamination hamper this litigation indefinitely.").

        Defendants' motion for a stay (Dkt. #53), is denied.

        **SO ORDERED.**

**DATED:**    **Buffalo, New York**
              **October 8, 2013**

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**