UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                             Plaintiff,                    **DECISION AND ORDER**

v.

                                                              12-CV-00904-EAW-JJM

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                             Defendants.
_____

This patent infringement action has been referred to me for supervision of pretrial proceedings [89].[1] Before me is the motion of defendants GEA Process Engineering, Inc. ("GPNA") and GEA Procomac S.p.A. ("GEA") to stay this action pending completion of *inter partes* review ("IPR") proceedings in the United States Patent and Trademark Office ("PTO") [104], coupled with a request for an extension of the stay [167], in which defendants in related actions have joined.

For the following reasons, the original motion for a stay [104] is granted, but the request for an extension of the stay is denied. However, the effective date of this Decision and Order will be deferred to March 16, 2015, in order to give defendants the opportunity to argue to Judge Wolford that my reasoning is "clearly erroneous or contrary to law".[2]

---

[1]     Bracketed references are to the CM/ECF docket entries. District Judge William M. Skretny originally assigned the case to Magistrate Judge H. Kenneth Schroeder, Jr. [22], and subsequently reassigned it to me [82]. Although Judge Skretny has now transferred the case to District Judge Elizabeth A. Wolford [162], the pretrial assignment to me remains in effect.

[2]     *See* Herko v. Metropolitan Life Insurance Co., 978 F.Supp. 149, 150 (W.D.N.Y. 1997) (Arcara, J.) ("the district court may reconsider any [nondispositive] pretrial matter decided by a magistrate judge where it is shown that the order is clearly erroneous or contrary to law . . . . Magistrate Judge Foschio's Decision to stay the action . . . is a nondispositive order").

**BACKGROUND**

Plaintiff Steuben Foods, Inc. ("Steuben") commenced this action on September 24, 2012, alleging infringement of five U.S. patents (6,945,013; 6,536,188; 6,481,468; 6,475,435; and 6,209,591, collectively the "Steuben patents") relating to apparatuses and methods for filling aseptic containers. Complaint [1]. Steuben has also commenced five other actions against different defendants, alleging infringement of most or all of the same patents.[3] Although the actions have not been formally consolidated, pretrial proceedings in all cases are being coordinated to the extent possible.

**The Prior Stay Motions**

Several of the defendants in this and other actions have previously moved to stay the actions pending PTO review of the patents' validity. Those motions were denied. *See, e.g.*, Steuben Foods, Inc. v. Shibuya Hoppmann Corp., 2011 WL 3608064, *8 (W.D.N.Y. 2011) (Arcara, J.) ("The Court wants to avoid a situation in which intentionally or coincidentally staggered requests for re-examination hamper this litigation indefinitely. If later patent revocations or additional re-examination requests cast serious doubt on the substance of plaintiff's theories of liability then the parties may advise the Court at that time. Until then, the most prudent course of action is to allow the case to proceed"); Steuben Foods, Inc. v. GEA Process Engineering, Inc., 2013 WL 5567499 (W.D.N.Y. 2013) (Schroeder, M.J.) (denying

---

[3] Steuben Foods, Inc. v. Oystar etc. et al., 10-cv-00780-EAW-JJM; Steuben Foods, Inc. v. Shibuya etc. et al., 10-cv-00781-EAW-JJM; Steuben Foods, Inc. v. HP Hood LLC, 12-cv-00211-EAW-JJM; Steuben Foods, Inc. v. Nestlé USA, 13-cv-00892-EAW-JJM; Steuben Foods, Inc. v. Jasper etc., 13-cv-01118-EAW-JJM.

defendants' motion for a stay in this action); and my Text Orders in <u>Steuben Foods, Inc. v. Shibuya etc. et al.</u>, 10-cv-00781-EAW-JJM [130] and <u>Steuben Foods, Inc. v. HP Hood LLC</u>, 12-cv-00211-EAW-JJM [96].

**The IPR Stay Motion**

On March 31, 2014, defendants renewed their motion for a stay of proceedings in this action [104], arguing that "[o]n March 10, 2014 the . . . PTO instituted . . . IPR invalidity proceedings against all five of Steuben's patents-in-suit . . . . [T]he grant of these IPRs has radically and forever changed the landscape of this case, and presents a more compelling case for a stay than the reexaminations did for [defendants'] earlier motion for stay . . . . Based on the history of instituted IPR proceedings to date, there is now a near statistical certainty that most, if not all, of the claims in these IPRs will be held invalid.  By statute, the PTO is due to issue decisions in each IPR proceeding by March 10, 2015.  [Defendants] respectfully move[ ] this Court for a stay until then".  Defendants' Memorandum of Law [105], p. 6 of 27.

During oral argument of that motion on May 20, 2014, I stated that "this strikes me as a different animal than the grounds raised previously for the other stays . . . . [H]ere we have the patent appeal board itself saying that it's likely that the claims will be invalidated. That's by no means a guarantee, but seems to cast it in a different light." [135], p. 3.  However, I cautioned that "[i]f I am going to grant a stay, it's only going to be [until] next March." <u>Id.</u>, p. 26. By Text Order dated  June 10, 2014 [139], I stayed all further proceedings in this and the related infringement actions "pending the earlier of the conclusion of the IPR proceedings or March 10, 2015".

Thereafter, Nestlé USA, Inc. ("Nestlé"), the defendant in action 13-cv-892, filed its own IPR petitions "between August and early November 2014". Nestlé's Submission (13-cv-892 [55], p. 9 of 20). During proceedings on November 6, 2014, I cautioned the parties that I did not anticipate extending the stay which I had previously granted: "[A]s you all know, I did stay proceedings pending the outcome of the then filed IPR review proceedings up until either the earlier of the conclusion of those proceedings or, I believe, March 15th of next year. So, we're now about halfway through that time period. And just for people's benefit, I don't think at this point that I would look kindly on a further application for stay made by anyone based on subsequently filed by IPR proceedings because I'm trying to strike a balance here. The case does need to move forward." [154], p. 4.

On December 23, 2014 the United States Patent and Trademark Appeals Board ("PTAB") terminated GPNA's IPR proceedings without determining the validity of the patent claims, finding that GEA "was an RPI (real party-in-interest) of the instant proceedings that was not identified in the Petitions" (Termination Order, p. 21),[4] that because GPNA did not identify GEA as an RPI, "it has not met the statutory requirement of [35 U.S.C.] §312(a)(2), and we cannot consider the petitions" (id., p. 23), and that "equity does not dictate allowing [GPNA] to

---

[4]    A redacted version of the Termination Order can be found on the PTO website, www.uspto.gov.

make the RPI correction", because its failure to list GEA as an RPI was not a "good-faith mistake" (id., p. 25).[5]

Although the PTAB has terminated the IPR proceedings initiated by GPNA, Nestlé's IPR proceedings, seeking to invalidate the same Steuben patents, are still pending. By Text Order dated January 7, 2015 [157], I gave the parties in this and the other actions the opportunity to address whether the stay should continue. Oral argument was held on February 9, 2015 [178].

**ANALYSIS**

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008) (*quoting* Landis v. North American Co., 299 U.S. 248, 254  55 (1936)).

---

[5] On February 19, 2015, GPNA petitioned the United States Court of Appeals for the Federal Circuit for a writ of mandamus vacating the termination of its IPR proceedings. However, a writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes". Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 380 (2004). "The petitioner must show a clear and indisputable right to relief . . . . [and] must lack adequate alternative means to obtain the relief it seeks . . . . And even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." In re Procter & Gamble Co., 749 F.3d 1376, 1378 (Fed. Cir. 2014).

Defendants argue that "three factors appear relevant to the Court's consideration of a stay pending *inter partes* review: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Defendants' Brief [167], p. 9. However, "[t]he three-factor analysis . . . while important, does not capture every relevant consideration". Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F.Supp.2d 1028, 1035 (C.D.Cal. 2013). "[A]bsent any controlling precedent limiting the inquiry to these elements, the Court finds that the analysis is not so limited but rather that the totality of the circumstances governs". Allergan Inc. v. Cayman Chemical Co., 2009 WL 8591844, *2 (C.D.Cal. 2009).

Considering the "totality of the circumstances", I conclude that defendants have not met their burden for continuing the stay.[6] While defendants argue that "Nestlé's IPRs are . . . likely to invalidate all relevant asserted claims in all five patents-in-suit" (defendants' Brief [167], p. 1), at this point it is by no means clear that the Nestlé IPRs will even reach the validity issue, since there is a substantial question as to whether GPNA and Nestlé were in privity, in which case Nestlé's IPRs may be time barred. *See* my February 25, 2015 Decision and Order [179]; PTAB's February 26, 2015 Decision, p. 3 ("Patent Owner has established that [Nestlé] and [GPNA] have partnered closely on the subject matter involved in this proceeding").[7]

---

[6] "The person seeking a stay bears the burden of establishing its need." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012).

[7] That Decision can be found on the PTO website, www.uspto.gov.

Moreover, even if they do proceed, Nestlé's IPRs will not conclude until "May or June 2016 . . . unless the Chief Administrative Patent Judge issues an unprecedented extension (of *at most* six months) for good cause shown" (Nestlé's Submission [55] in 13-cv-892, p. 14) - thus conceivably extending the deadline for a decision until December 2016. Even then, the PTAB's final decision "is still subject to appeal to the Federal Circuit . . . . Therefore, even under the new procedures, it may still be years before the inter partes review is truly final". Verinata Health, Inc. v. Ariosa Diagnostics, Inc., 2014 WL 121640, *3 (N.D.Cal. 2014).

A delay of that length is clearly not what I had in mind when granting the stay last year. "To be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing PTAB patent reexaminations - even if the reexaminations are relevant to the infringement claims before the Court . . . . The court must ultimately decide stay requests on a case-by-case basis." Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC, 2014 WL 3107447, *3 (N.D.Cal. 2014). As Judge Arcara earlier noted, "[t]he Court wants to avoid a situation in which intentionally or coincidentally staggered requests for re-examination hamper this litigation indefinitely". Shibuya Hoppmann, 2011 WL 3608064, *8.

*See also* Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F.Supp.2d 1028, 1035 (C.D.Cal. 2013) ("The Court is concerned that allowing the progress of its docket to depend on the status of proceedings elsewhere can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action.' Fed.R.Civ.P. 1. If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner"); Fresenius USA, Inc. v. Baxter International, Inc., 582 F.3d 1288, 1305 (Fed. Cir.

2009) (Newman, J., concurring) (reexamination "can be a useful and powerful tool for the benefit of both patentees and those interested in restricting or eliminating adversely held patents. However, if routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity").

Finally, "[a] request for a stay is an appeal to equity", Ofosu v. McElroy, 98 F.3d 694, 699 (2d Cir. 1996), and "he who comes into equity must come with clean hands". Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814 (1945). Therefore, "equitably, a lack of good faith, or 'clean hands,' should weigh against relief". Kapeluschnik v. LeSchack & Grodensky, P.C., 1997 WL 34652665, *2 (E.D.N.Y. 1997). As previously noted, the PTAB has concluded that GPNA (one of the parties now seeking an extension of the stay) did not act in good faith in failing to identify GEA as a real party in interest. *See* PTAB's December 23, 2014 Termination Order, p. 25.

Therefore, in the exercise of my discretion I conclude that the defendants in this and the other Steuben actions have failed to demonstrate their entitlement to a continuation of the across-the-board stay of all proceedings in these actions. To be clear, that is all I am deciding at this time: other issues, such as whether Steuben may proceed in these actions with respect to claims which have thus far been invalidated by the PTO,[8] will be addressed at a later date.

---

[8] For example, defendants note that "[i]n the '013 and '468 Reexams, the PTO Examiner's final invalidity decisions found unpatentable all of the asserted claims of the '013 patent and all but one of the asserted claims in the '468 patent. The continuing viability of Steuben's assertion of these '013 and '468 patent claims depends on Steuben winning its reexam appeals". Defendants' Response [175], p. 7.

## CONCLUSION

For these reasons, defendants' motion for a stay of all proceedings in this action [104] is granted to and including March 16, 2015, but their request for an extension of that stay is denied. Absent a contrary order from Judge Wolford, a further status conference in this and the other Steuben actions will be held on March 27, 2015 at 3:00 p.m. Counsel may participate in person or by telephone, upon advance notice to chambers. The parties may submit proposals for further proceedings by March 20, 2015, and replies by March 24, 2015.

**SO ORDERED**.

Dated: March 9, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge