UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                            Plaintiff,                    **DECISION AND ORDER**

v.

                                                              12-CV-00904-EAW-JJM

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                            Defendants.
_____

        The action has been referred to me for supervision of pretrial proceedings [89].[1] Before me is the motion [110] of plaintiff Steuben Foods, Inc. ("Steuben") to compel production of an unredacted copy of a sales agreement (the "Agreement") between defendant GEA Process Engineering, Inc. ("GPNA") and Nestlé USA, Inc. ("Nestlé") relating to the sale of bottling equipment. Familiarity with the relevant facts is presumed. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

        GPNA previously provided Steuben with a copy of the Agreement, from which it redacted a portion of paragraph 1, all of paragraph 2, and paragraphs 3(c) and 9(c), claiming that these portions are privileged and confidential [151-1].[2] My February 25, 2015 Decision and Order [179, 185] allowed Steuben to produce that version to the Patent and Trademark Appeals

---

       [1]      Bracketed references are to the CM/ECF docket entries.

       [2]      The unredacted Agreement has been docketed under seal, accessible only to the court [200] (although GPNA and Nestlé obviously already have a copy).

Board ("PTAB") in connection with its challenge to *inter partes* review ("IPR") proceedings commenced by Nestlé.

Since then, Nestlé has provided the PTAB with an *un*redacted version for its *in camera* review, and the PTAB "has determined that paragraphs 1 and 2 were properly withheld because they contain privileged communications" (GPNA's Supplemental Opposition [192], p. 2), but that paragraphs 3 and 9 were not privileged . . . . Nestlé then produced the . . . agreement to Steuben with the redactions removed on paragraphs 3 and 9". Id.

GPNA suggests that "[c]onsidering that Steuben already has the . . . agreement with paragraphs 3 and 9 undeacted, GPNA believes that the most appropriate relief in this case is an order finding paragraphs 3 and 9 to not be privileged. If the Court makes such a finding, GPNA will produce the . . . contract to Steuben with paragraphs 3 and 9 unredacted". Id., p. 2, n. 2.

Having conducted my own *in camera* review of the Agreement, I agree with the PTAB's conclusion that paragraphs 3 (specifically, 3(c)) and 9 (specifically, 9(c)) of the Agreement are neither privileged nor confidential, and therefore should be disclosed. I further agree with its conclusion that the redacted portion of paragraph 1, and paragraph 2 up to the comma in line 3 of that paragraph, are privileged, as they may reflect advice of counsel. However, I do not agree that the remainder of paragraph 2 is privileged or confidential, since it does not disclose anything that is not disclosed in the unredacted portions of the Agreement which have already been produced to Steuben by GPNA or Nestlé.

## CONCLUSION

For these reasons, Steuben's motion [110] is granted in part and denied in part, as follows: the redacted portion of paragraph 1, and paragraph 2 (up to the comma in line 3 of that paragraph) of the Agreement need not be produced to Steuben, but the remaining previously redacted portions shall be produced. However, enforcement of this Decision and Order will be stayed until noon on May 18, 2015 to give the parties (including Nestlé, which has been aware of this motion but has not yet sought to intervene) the opportunity to seek further review from District Judge Elizabeth Wolford.

**SO ORDERED**.

Dated: May 11, 2015

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge