UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                    **DECISION AND**
                                                        **ORDER**
                              Plaintiff,

v.
                                                        12-CV-00904-EAW-JJM
GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,
                              Defendants.
_____


## INTRODUCTION

        Before me is defendants' (collectively referred to as "GEA") Motion for

Protection [216]. [1] Oral argument was held on October 23, 2015 [225, 226].  For the reasons

stated from the bench on December 21, 2015 [240] and in this Decision and Order, the Motion

for Protection is granted in part and denied in part.[2]


## ANALYSIS

        Familiarity with the relevant facts is presumed, and therefore will not be

discussed at length.


_____

[1]        Bracketed references are to the CM/ECF docket entries.

[2]        Certain aspects of the motion which have been addressed in the December 21, 2015 proceedings
[240] are not repeated in this Decision and Order.

### A.    Attorney Billing Records

GEA seeks to prevent litigation counsel for plaintiff ("Steuben") from attempting to obtain GEA's redacted attorney billing records in the hope of eventually arguing to the Patent Trial and Appeal Board ("PTAB") that the *inter partes* review ("IPR") proceedings commenced by Nestlé USA, Inc. ("Nestlé"), the defendant in a related action, should be dismissed because GEA and Nestlé are or were in privity.

Although the redacted billing records were produced to Steuben's Patent Office counsel (not its litigation counsel) in connection with GEA's IPR proceedings, the PTAB's Stipulated Protective Order in those proceedings required each recipient of the materials to agree that they would be used "only in connection with this proceeding and for no other purpose". [216-2], p. 8 of 8.  Unless and until the PTAB modifies its Stipulated Protective Order, I lack the power to consider Steuben's request.  Therefore, GEA's Motion to preclude Steuben from sharing the redacted billing records with its litigation counsel or from otherwise utilizing those records is granted, without prejudice to Steuben's right renew its request if and when it obtains a modification of the PTAB's Stipulated Protective Order.

### B.    Steuben's Interrogatory 4

Steuben's Interrogatory 4 asks GEA to "[i]dentify with particularity each individual that participated in the preparation of any Petition filed in the [GEA] IPR Proceedings, including by identifying each individual's: (a) name; (b) title; (c) employer; (d) role played in preparing any Petitions; and (e) the nature of any input provided in connection with the preparation of any Petitions".  [216-9], p. 5 of 10.

Steuben argues that "the interrogatory seeks only information that is included on a privilege log. The local rules require that where communications are to be withheld from disclosure, a party must identify the individuals involved in the communication, the date of the communication, and the general subject matter of the communication. W.D.N.Y. Local Rule 26(e)(1)(B)(ii). Steuben's interrogatory does not require that GEA divulge the content of any communication".  Steuben's Memorandum in Opposition [223], pp. 7-8.

GEA responds that the parties had "agreed that . . . privilege logs need only log privileged documents dated before the September 24, 2012 filing of this suit".  GEA's Reply [218], p. 5 (citing a March 4, 2013 e-mail from its attorney (Benjamin Kiersz) to Steuben's attorney (Joseph Stanganelli) ([218-1], p. 3 of 4)).  However, Local Rule 29 (made applicable to this case by Local Patent Rule 1.2) requires that "[a]ll stipulations, except stipulations made in open court  and recorded by the court reporter, shall be in writing and signed by *each* attorney" (emphasis added).  *See also* Allied Semi-Conductors International, Ltd. v. Pulsar Components International, Inc., 907 F. Supp. 618, 623 (E.D.N.Y. 1995) ("the validity of a stipulation is dependent upon a clear and unequivocal expression, either in writing or on the record in open court").  Therefore, GEA's unilateral e-mail does not relieve it of its obligation to provide a proper privilege log.

GEA states that it "has already offered to supplement its interrogatory response to state that: counsel for Nestlé USA has communicated with counsel for [GEA] regarding [GEA's] IPR proceedings and that the substance of those communications is protected by a joint defense privilege . . . . This is as much substance as a privilege log entry would include.  Further details about the specific substance of those communications are protected by attorney-client privilege,

work product privilege, and joint defense privilege."  GEA's Reply [218], p. 6.  However,

Steuben is not seeking the "specific substance" of communications – instead, it seeks "the

general subject matter of the communication".  Steuben's Memorandum in Opposition [223],

p. 8.  That information is required not only by Local Rule 26(e)(1)(B)(i) and (ii), but also by

Rule 26(b)(5)(A), which requires that a party invoking privilege in response to a discovery

demand must "(i) expressly make the claim; and (ii) describe the nature of the documents,

communications, or tangible things not produced or disclosed - and do so in a manner that,

without revealing information itself privileged or protected, will enable other parties to assess the

claim".  *See also* <u>Burns v. Imagine Films Entertainment, Inc.</u>, 164 F.R.D. 589, 594 (W.D.N.Y.

1996) (Foschio, M.J.) ("The summary should be specific enough to permit the court or opposing

counsel to determine whether the privilege asserted applies").

   Therefore, by January 18, 2016 GEA shall provide Steuben with a privilege log

complying with the requirements of Rule 26(b)(5)(A) and Local Rule 26(e)(1)(B).

## C.  Production of Agreement

   In its Memorandum in Opposition ([217], pp. 8-9, [223], pp. 8-9), Steuben

requests the production of a certain agreement between GEA and Nestlé.  However, as GEA

correctly notes (GEA's Reply [218], p. 6), that request was not the subject of the letters which

gave rise to the pending motion.  Therefore, Steuben's request is denied, without prejudice to

renewal.

**CONCLUSION**

For these reasons, GEA's Motion for Protection [216] is granted in part and denied in part.

**SO ORDERED**.

Dated:   December 28, 2015

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge