UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                         Plaintiff,                      **DECISION AND ORDER**

v.

                                                                     12-CV-00904(S)(M)

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                         Defendants.
_____

           The action has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [89].[1]  Before me is the motion by plaintiff Steuben Foods, Inc. ("Steuben") to compel production of a joint defense agreement ("JDA") between defendants (collectively "GEA") and Nestlé USA, Inc. ("Nestlé") [255].  Oral argument was held on February 26, 2016 [282], following which GEA submitted the JDA to me for *in camera* review.[2]  See <u>Biovail Laboratories International SRL v. Watson Pharmaceuticals, Inc.</u>, 2010 WL 3447187, *1 (S.D. Fla. 2010) ("[w]hen a party seeks to compel production of a joint defense agreement, courts will examine the agreement *in camera* and make an independent determination regarding the nature of the agreement").

           On March 16, 2016 I told the parties that "I am going to direct that [the JDA] be produced to Steuben . . . . I hope to get that decision out in a few days". [286], p. 16.  However, upon further reflection, for the following reasons I conclude that only a portion of the JDA should be produced.

---

[1]    Bracketed references are to the CM/ECF docket entries.  Although Judge Skretny has now transferred the case to District Judge Elizabeth A. Wolford [162], the pretrial assignment to me remains in effect.

[2]    The JDA has been docketed under seal [289], accessible only to the court.

**ANALYSIS**

Familiarity with the relevant facts is presumed. Steuben argues that the JDA "itself is not privileged". Steuben's Memorandum of Law [256], p. 3. GEA disputes this assertion, contending that "no district court has ever compelled production of the terms of a joint defense agreement". GEA's Opposition [271], p. 5.

Cases addressing the question of whether JDAs are privileged fall, quite frankly, all over the lot. Several courts suggest that they are privileged - *see*, *e.g*., A.I. Credit Corp. v. Providence Washington Insurance Co., 1997 WL 231127, *4 (S.D.N.Y. 1997) ("joint defense agreements are generally considered privileged"); United States v. Bicoastal Corp., 1992 WL 693384 *6 (N.D.N.Y. 1992) ("the disclosure of the existence of such an . . . agreement would be an improper intrusion into the preparation of the defendants' case. Thus, this court will deny any motion by the Government to be provided with any joint defense agreement should one exist"); Boyd v. Comdata Network, Inc., 88 S.W.3d 203, 217 (Tenn. Ct. App. 2002) ("joint defense agreements are themselves privileged . . . . Thus, while the courts may review joint defense agreements in chambers, the agreements are not discoverable by other parties").

Other courts suggest that JDAs are not privileged. *See* Pacific Coast Steel v. Leany, 2011 WL 4572008, *3 (D. Nev. 2011) ("[j]oint defense agreements are generally not privileged"); Rodriguez v. General Dynamics Armament & Technical Products, Inc., 2010 WL 1438908, *3 (D. Haw.), adopted, 2010 WL 1438918 (D. Haw. 2010) ("[h]aving reviewed the JDA *in camera,* the Court finds that it does not contain any privileged or protected material . . . . Accordingly, either TriMas or Defendant should produce a copy of the JDA to Plaintiffs"); Oasis Research, LLC v. EMC Corp., 2015 WL 5318119, *2 (E.D. Tex. 2015) ("[t]he Court required Defendants to produce the Joint Defense Agreement to Plaintiff "); Trading Technologies

International, Inc. v. eSpeed, Inc., 2007 WL 1302765, *2 (N.D. Ill. 2007) ("should the joint defense agreement be memorialized in writing, defendants should produce a copy of the agreement to plaintiff").

Still other courts, while "skeptical about the contention that the existence of a joint defense agreement is privileged information", recognize that "information concerning joint defense agreements is sensitive, and . . . disclosure of such information should not be lightly ordered". United States v. International Longshoremen's Association, AFL-CIO, 2006 WL 2014093, *1 (E.D.N.Y. 2006). "Put another way, the relevance of the information should be well-established before compelling its disclosure". Id.

I agree with the latter approach. Steuben argues that the JDA "is relevant to the issue of privity in this case". Steuben's Memorandum of Law [256], p. 2. However, the fact that parties enter into a JDA is not in itself relevant to the issue of privity. *See* Office Patent Trial Practice Guide ("PTO Guide"), 77 Fed. Reg. 48,760 ("if Party A is part of a Joint Defense Group with Party B in a patent infringement suit . . . Party A is not a 'real party-in-interest' or a 'privy' . . . based solely on its participation in that Group"). In determining the existence of privity, "[a] common consideration is whether the non-party exercised or could have exercised control over a party's participation in a proceeding". Id., 77 Fed. Reg. 48,759 (*citing* Taylor v. Sturgell, 553 U.S. 880, 895 (2008) *and* 18A Wright, Miller, *et al*., Federal Practice & Procedure §4451 (2d ed. 2011)).

"A joint defense agreement that merely contains language that parties typically include in joint defense agreements to protect from discovery privileged information revealed to a third party is not relevant to any parties' claims or defenses." Biovail Laboratories, 2010 WL

3447187, *1. Having reviewed the JDA *in camera*, I conclude that the only provision relevant to the question of privity is page 6, paragraph 5.

## CONCLUSION

For these reasons, plaintiff's motion to compel [255] is granted to the extent of requiring production of page 6, paragraph 5 of the JDA to Steuben, but is otherwise denied. The effective date of this Decision and Order will be stayed until April 5, 2016 at noon, in order to give GEA and/or Nestlé the opportunity to seek a further stay from Judge Wolford.

**SO ORDERED**.

Dated: March 30, 2016

                                              /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge