UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                                  **DECISION and ORDER**

                             Plaintiff,

v.

                                                      12-CV-00904-EAW-JJM

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                            Defendants.
_____

        Before me is defendants' (collectively referred to as "GEA") motion [251][1] for partial reconsideration of my December 28, 2015 Decision and Order [242] granting in part and denying in part their motion for protection [216]. For the following reasons, the motion for partial reconsideration is granted and, upon reconsideration, I adhere to my prior rulings.

## BACKGROUND

        At the December 21, 2015 proceeding, I orally denied GEA's motion for protection to the extent it sought a prohibition against disclosure of privileged information in response to Steuben Foods, Inc.'s ("Steuben's") Interrogatory No. 4, and a determination that Steuben breached the Protective Order (GEA's Memorandum in Support of their Motion for Protection [216-1], pp. 6-8, 15-19), and later confirmed certain rulings in my December 28, 2015 Decision and Order [242]. GEA now seeks reconsideration of my decision denying these two portions of its motion for protection.

---

[1]     Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

**A.     Steuben's Interrogatory 4**

In opposition to GEA's motion for protection, Steuben argued that Interrogatory No. 4 was only seeking what GEA would otherwise be obligated to disclose in a privilege log. Steuben's Memorandum in Opposition [223], pp. 7-8. GEA responded that it was not obligated to produce a privilege log for the responsive communications, since the parties had "agreed that . . . privilege logs need only log privileged documents dated before the September 24, 2012 filing of this suit". GEA's Reply [218], p. 5 (*citing* a March 4, 2013 e-mail from its attorney (Benjamin Kiersz) to Steuben's attorney (Joseph Stanganelli) ([218-1], p. 3 of 4)). I rejected GEA's argument, concluding that "GEA's unilateral e-mail" did not relieve it of its obligation to provide a proper privilege log, and directed it to comply with that obligation. Decision and Order [242], pp. 3-4.[2]

In seeking reconsideration, GEA points to the fact that my Decision and Order overlooked that Mr. Stanganelli's response to Mr. Kiersz's March 4, 2013 e-mail stated "I think your e-mail  . . . is accurate"  ([218-1], p. 2 of 4), which it argues establishes that the parties had a bilateral agreement. GEA's Memorandum in Support of their Motion for Reconsideration [251-1], p. 2. To the extent I did not consider Mr. Stanganelli's responding e-mail – a document that GEA acknowledges it did not "pinpoint cite" to me  -  I will reconsider this portion of my decision. Id., p. 5.

---

[2]     The sufficiency of GEA's privilege log has been the subject of several proceedings since my December 28, 2015 Decision and Order.  *See* January 11, 2016 Text Order [245]; January 27, 2016 Text Order [253]; transcript of the March 16, 2016 proceeding [286], pp. 5-15.

However, even considering Mr. Stanganelli's e-mail response, it still fails to establish that the parties had reached a binding stipulation. As Steuben argued at the October 23, 2015 oral argument ([225], pp. 29-32), and repeats in opposition to GEA's motion for reconsideration (Steuben's Memorandum of Law [254], pp. 9-13), the stipulation is not enforceable since there was no meeting of the minds.

"A stipulation represents an agreement between the parties to which there has been mutual assent." In re Nicholson Industries, Inc., 73 B.R. 266, 268 (Bankr. N.D. Ohio 1987). "Mutual assent requires, in turn, a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, there is no contract." Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC, 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011). "If a court finds ambiguity in the words of the contract, the court then may consider extrinsic evidence to determine the intent of the parties." McNamara v. Tourneau, Inc., 464 F. Supp. 2d 232, 238 (S.D.N.Y. 2006). "An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business". Law Debenture Trust Co. of New York v. Maverick Tube Corp., 595 F.3d 458, 466 (2d Cir. 2010). "The burden of establishing that the parties reached a meeting of the minds is on the party seeking to enforce the [agreement]." Prince of Peace Enterprises, Inc., 760 F. Supp. 2d at 398.

Mr. Stanganelli stated at the October 23, 2015 proceeding that he believed from their "one or two minutes" of discussion on this issue, that the parties' agreement was a "standard agreement", applying to only attorney-client communications. October 23, 2015

transcript [225], pp. 29-30. GEA responds that Mr. Stanganelli's understanding "is contradicted by the explicit and broad 'privilege' language in the parties' written agreement". GEA's Memorandum in Support of their motion for Reconsideration [251-1], p. 4.

However, GEA does not dispute that a "standard agreement" in these circumstances is limited to attorney-client privileged communications. Nor does it contend that the parties discussed - during their brief one or two minute discussion - the type or scope of privileged communications that would be subject to the agreement. Therefore, I conclude that GEA has failed to meet its burden of establishing that the parties reached a meeting on the minds, and adhere to my original determination that GEA must provide a privilege log for any communications it alleges are covered by the joint defense agreement.

**B.     Protective Order**

In its motion for protection, GEA sought to confirm that "(1) Steuben is prohibited from taking any action or making any statement outside of this litigation if that action or statement is based on confidential material subject to the Protective Order in this litigation (absent specific authorization from this Court to do so), and (2) Steuben's use of protective order material from this case in GPNA's IPRs breached this Court's Protective Order". GEA's Memorandum of Law in Support of their Motion for Protection [216-1], pp. 18-19. That portion of the motion arises from a July 23, 2014 teleconference with the PTAB, during which Steuben's patent office counsel (Greg Gardella, Esq.) informed the PTAB that he was aware of a document (that was marked highly confidential in this action), which was inconsistent with a position taken by GEA in the PTAB proceeding. GEA's Memorandum in Support of their Motion for

Protection [216-1], p. 16. GEA argued that this violated the Protective Order, which prohibits "referenc[ing] . . . information produced in [this action] in connection with any other litigation". Protective Order [51], ¶8.

Although not repeated in my December 28, 2015 Decision and Order [242], during the December 21, 2015 proceeding I stated that "I'm not sanctioning anybody, I'm not finding that anybody has or has not beached the protective order. I think thus far parties have been generally conducting themselves in good faith. I will just remind all parties that they are obligated to comply both with any protective order entered in any of these cases or by the PTAB". Transcript of the December 21, 2015 proceeding [240], p. 33.

In seeking reconsideration, GEA does not argue that I overlooked anything or point to any additional facts or law. Instead, it "believes and fears that Steuben will interpret the Court's decision not to condemn Steuben's misconduct as an endorsement of Steuben's previous misconduct and a license to continue to use GEA's highly confidential material in other proceedings or for purposes other than this litigation". GEA's Memorandum in Support of their Motion for Reconsideration [251-1], p. 9. Therefore, it requests that I grant the relief sought in its motion for protection, namely - find that Steuben breached the Protective Order and admonish Steuben that it is prohibited from doing so in the future. Since my December 21, 2015 verbal ruling did not expressly conclude whether Steuben breached the Protective Order, I will grant this portion of GEA's motion for reconsideration.

When similar issues have arisen since Mr. Gardella's disclosure July 2014 disclosure to the PTAB, the parties have raised them before me and I have directed what could (or could not) be disclosed to the PTAB. *See, e.g.,* December 21, 2015 Text Order [237]

("Steuben may inform the PTAB that it is moving as expeditiously as possible in two District Court cases to seek modification of the protective orders in those cases to bring information to the PTAB's attention that it believes is relevant"); January 27, 2016 Text Order [253] ("Steuben may inform the PTAB that it has information that it believes is relevant and is seeking permission in this action to present it to the PTAB"). While I would have preferred that a similar process be followed prior to Mr. Gardella's disclosure, since that disclosure generally comports with the limited disclosures I have subsequently permitted Steuben to make to the PTAB, I conclude that Steuben did not breach the Protective Order, and even if it could be construed as a technical breach, its isolated and limited nature mitigates against the imposition of any sanctions. Based on Steuben's conduct in seeking my guidance prior to making subsequent disclosures to the PTAB, and my continued belief that both parties are operating in good faith in complying with their obligations under the Protective Order, I also find no reason to admonish Steuben of its obligations under the Protective Order.

However, this is not an endorsement of Mr. Gardella's disclosure or license for the parties to use confidential material exchanged in this action in other proceedings. Whenever questions arise about the scope of the Protective Order and whether (and to what extent) confidential materials may be disclosed, used or referenced in other proceedings, including those pending before the PTAB, I expect that the parties will continue to promptly bring these issues to my attention prior to any dissemination.

## CONCLUSION

For these reasons, GEA's motion for partial reconsideration [251] is granted and, upon reconsideration, I adhere to my prior rulings

**SO ORDERED**.

Dated:   April 1, 2016

<u>/s/ Jeremiah J. McCarthy</u>
Jeremiah J. McCarthy
United States Magistrate Judge
