UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEUBEN FOODS, INC.,

Plaintiff,

v.

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

Defendants.
_____

NOTICE PURSUANT TO FED. R.
CIV. P. ("RULE") 56(f)(2)

12-CV-00904-EAW-JJM

After further reflection following the June 7, 2016 oral argument, it occurs to me that summary judgment may be warranted for a slightly different reason than those argued by defendants (collectively "GEA") in their amended motion for summary judgment [300].[1] Rule 56(f)(2) provides that "[a]fter giving notice and a reasonable time to respond", a court may grant summary judgment "on grounds not raised by a party". Therefore, I ask the parties to consider the following analysis and address why it is - or is not - correct.

## ANALYSIS

In my view, the meaning of the word "into" as used in claim 26 of the '591 patent ("extending a portion of the valve from the second sterile region into the first sterile region . . . and by retracting the portion of the valve from the first sterile region back into the second sterile region") is critical to the determination of this motion. While agreeing that "into" connotes movement from the exterior to the interior of an area, Steuben argues that "something can move

_____
[1]     Bracketed references are to CM/ECF docket entries.

into a region even if is not directly in contact with the contents of the region". Steuben's Memorandum of Law [308], p. 19. 3.

Steuben's expert, Andre Sharon, Ph.D., opines that although "the meaning of 'into' is taken to essentially mean 'movement from the outside to the interior part'", "a person of ordinary skill in the art would not understand this definition to require that being 'within' or on the 'inside' also requires being exposed to the atmosphere that is 'within' or on the 'inside'". Sharon Declaration [308-1], ¶13. Based upon that interpretation, Steuben argues that movement can occur from one area "into" another even if the two are separated by a physical barrier, such as the diaphragm utilized in the GEA bottling system.

However, Dr. Sharon's interpretation is relevant only to the extent that it finds support in the specification of the '591 patent. "The claims are directed to the invention that is described in the specification; they do not have meaning removed from the context from which they arose." Phillips v. AWH Corp., 415 F.3d 1303, 1316 (Fed. Cir. 2005). "Although courts are permitted to consider extrinsic evidence like expert testimony . . . such evidence is generally of less significance than the intrinsic record." Virnetx, Inc. v. Cisco Systems, Inc., 767 F.3d 1308, 1316 (Fed. Cir. 2014). "In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582, 1583 (Fed. Cir. 1996).

"Even when guidance is not provided in explicit definitional format, the specification may define claim terms by implication." Phillips, 415 F.3d at 1321. When the word "into" is used elsewhere in the specification, it connotes the likelihood of contact with the contents of the region "into" which movement occurs:

> "The first portion of the valve stem is exposed with contaminants . . . . The first portion of the valve stem has entered the first sterile region. This may create a problem because the first portion of the valve stem may carry contaminants from the non-sterile region into the first sterile region. In order to overcome this difficulty, the present invention has introduced a second sterile region . . . . In the present invention, the first portion of the valve stem has not introduced contaminants into the first sterile region because the first portion of the valve stem was pre-sterilized in the second sterile region before entering the first sterile region. The second portion of the valve stem has entered the second sterile region from the non-sterile region. The second portion of the valve stem is sterilized in the second sterile region removing any contaminants. Therefore, the second sterile region removes any contaminants from the valve stem before any portion of the valve stem enters the first sterile region."

'591 patent [228-1], col. 14, l. 11-12, 16-22, 49-60.

"Though inventors may be their own lexicographers, they must use words in the same way in the claims and in the specification." Fonar Corp. v. Johnson & Johnson, 821 F.2d 627, 632 (Fed. Cir. 1987); Autogiro Co. of America v. United States, 384 F.2d 391, 397 (Ct. Cl. 1967) ("the specification aids in ascertaining the scope and meaning of the language employed in the claims inasmuch as words must be used in the same way in both the claims and the specification"). In light of the context of its use elsewhere in the specification of the '591 patent, I conclude that the word "into", as used in claim 26, connotes the likelihood, or at least the possibility, of contact with the contents of the region into which movement occurs. Since the diaphragm of the GEA bottling system prevents such contact, it appears to me that GEA's use of this system does not infringe the '591 patent.

The parties may file submissions addressing this proposed analysis on or before June 24, 2016.

Dated: June 10, 2016

                                          <u>/s/ Jeremiah J. McCarthy</u>
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge