UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEUBEN FOODS, INC.,                             **REPORT AND**
                                                          **RECOMMENDATION**
                        Plaintiff,

                                                          12-CV-00904-EAW-JJM

v.

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                      Defendants.

_____

        This patent infringement action has been referred to me by District Judge William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [89].[1]  Before me is the motion by defendants (collectively referred to as "GEA") to strike the final infringement contentions of plaintiff Steuben Foods, Inc. ("Steuben") regarding U.S. Patent No. 6,481,468 (the "'468 patent") [305]. Oral argument was held on June 28, 2016 [343]. For the following reasons, I recommend that the motion be denied.

## ANALYSIS

        The facts will be discussed only as necessary to resolve this motion. Claim 1 of the '468 patent reads: "A method comprising: controlling the flow of an aseptic product using a valve; surrounding a region where the aseptic product exits the valve with a sterile region

---

[1]     Bracketed references to CM/ECF docket entries. Although Judge Skretny subsequently reassigned this action to District Judge Elizabeth A. Wolford [162], the pretrial assignment to me remains in effect.

wherein the sterile region is a sterile tunnel; and controlling the opening or closing of the valve with a sealed actuator, wherein the sealed actuator is surrounded with the sterile region." GEA's Memorandum of Law [305-1], p. 4.

In moving to strike Steuben's final '468 patent infringement contentions, GEA argues that they "continue to refuse to identify the alleged 'sterile region' in the Accused Instrumentalities . . . . [They] include no drawings and ambiguously allege: 'The Fillstar FX valve assembly includes a sealed actuator that opens and closes the valve. The actuator is within the Fillstar FX turret, which is surrounded by the sterile region created by the microbiological isolator . . . . *See, e.g.*, . . . P0070732 . . .'". Id., p. 7.

I disagree with GEA. Steuben specifically identifies the "sterile region" by reference to document P0070732. At oral argument yesterday, Steuben's attorney, Thomas Fisher, acknowledged that the "sterile region" is what is shown in yellow on that document, labeled "Microbiological Isolator". Absent leave to supplement its final infringement contentions, Steuben is bound by that position. Whether infringement can be proven is a question for another day.

## CONCLUSION

For these reasons, I recommend that GEA's motion to strike Steuben's final infringement contentions [305] be denied. Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by July 18, 2016 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object   timely . . . waives any right to further judicial review of [this] decision".

Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: June 29, 2016

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge