UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

STEUBEN FOODS, INC.,

             Plaintiff,

v.

GEA PROCESS ENGINEERING, INC., d/b/a
GEA PROCOMAC and GEA PROCOMAC S.p.A.,

             Defendants.

───────────────────────────────

**DECISION AND ORDER**

1:12-CV-00904 EAW JJM

## INTRODUCTION

On December 18, 2015, Defendants GEA Process Engineering, Inc. and GEA Procomac S.p.A. (collectively "Defendants") filed a motion for leave to file an amended answer. (Dkt. 235). Specifically, Defendants sought leave to add additional allegations related to claimed inequitable conduct on the part of Plaintiff Steuben Foods, Inc. ("Plaintiff") (Dkt. 236). United States Magistrate Judge Jeremiah J. McCarthy, to whom the matter has been referred for supervision of pretrial proceedings, including the preparation of a report and recommendation with respect to dispositive motions (*see* Dkt. 89), issued a Report and Recommendation dated April 29, 2016, in which he recommended that the Court deny Defendants' motion. (Dkt. 304). Defendants filed objections to Magistrate Judge McCarthy's Report and Recommendation on May 16, 2016 (Dkt. 313), Plaintiff filed a response to Defendants' objections on June 3, 2016 (Dkt. 323), and Defendants filed a reply on June 15, 2016 (Dkt. 336). The Court has reviewed the original motion papers, the Report and Recommendation, and the objections

and response and reply thereto. For the reasons set forth below, Defendants' objections are overruled and Defendants' motion is denied.

## DISCUSSION

### I. Standard of Review

As a threshold matter, the Court must ascertain the proper standard of review with respect to Judge McCarthy's Report and Recommendation. Judge McCarthy recognized in his Report and Recommendation that there are conflicting decisions among district courts in the Second Circuit with respect to whether a magistrate judge's denial of a motion to amend is "dispositive." (*See* Dkt. 304 at 1 n.2). In an abundance of caution, Judge McCarthy issued a Report & Recommendation, rather than simply issuing an order. (*Id.*). Defendants argue that the Court should review Judge McCarthy's decision *de novo* (*see* Dkt. 333 at 8), while Plaintiff argues that the decision should be reviewed under a clearly erroneous or contrary to law standard of review (*see* Dkt. 323 at 10-12).

The Second Circuit Court of Appeals stated in *Fielding v. Tollaksen*, 510 F.3d 175 (2d Cir. 2007), albeit in dicta, that a motion to amend is a nondispositive motion that may be referred to a magistrate judge without the parties' consent and that a magistrate judge's order on such a motion is to be set aside only if it is clearly erroneous or contrary to law. *Id.* at 178. Subsequent to the Second Circuit's decision in *Fielding*, district courts in the Second Circuit have concluded that "treating motions to amend as nondispositive comports with the magistrate judge's statute . . ., as well as the pronouncements of other Courts of Appeals to have addressed the question." *Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment, LTD.*, No. 11 CV 726(CBA)(RM),

2012 WL 3306612, at *1 (E.D.N.Y. Aug. 13, 2012) (collecting cases and noting that cases treating motions to amend as dispositive predated *Fielding*). This is particularly true where, as is the case here, the magistrate judge's determination is "based on procedural considerations under Rule 16," and not issues such as futility of the proposed amendments. *Id.* at *2; *see also Miles v. Levac*, No. 11-cv-671S, 2014 WL 1338808, at *1 n.2 (W.D.N.Y. March 31, 2014) ("'[C]ourts have routinely applied the "clearly erroneous" standard where, as here, the ruling is based on procedural grounds, such as the movant's failure to satisfy the "good cause" requirement of Rule 16. . . .'") (quoting *Sentry Insurance v. Brand Management, Inc.*, Nos. 10-cv-347(ENV), 11-cv-3966 (ENV), 2012 WL 3288178, at *2 n.4 (E.D.N.Y. August 10, 2012); *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08CIV.3697(LTS)(FM), 2010 WL 743793, at *1 (S.D.N.Y. Mar. 2, 2010) ("[t]he weight of opinion appears to favor treating such rulings [on motions to amend] as nondispositive, requiring a clearly erroneous standard of review, especially where the ruling is based on procedural grounds") (quotation omitted).

The Court will follow the weight of authority in this Circuit, as well as the Second Circuit's guidance in *Fielding*, and thus reviews Judge McCarthy's determination on Defendants' motion to amend under a clearly erroneous or contrary to law standard.

## II. Defendants have failed to show good cause to modify the scheduling order

Pursuant to Rule 16, a scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the

Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations omitted). "Whether good cause exists turns on the diligence of the moving party." *Id.* (quotation omitted).

Here, Judge McCarthy determined that Defendants had failed to show good cause because their motion rested on information they knew, or should have known, in advance of the deadline. (Dkt. 304 at 5). The Court finds Judge McCarthy's analysis of the factual issues and legal determinations leading to this conclusion persuasive, not clearly erroneous, and not contrary to law. As a result, the Court agrees that Defendants' motion for leave to amend the answer should be denied. Additionally, based upon the record and Judge McCarthy's reasoning, the Court would reach the same determination even were it to apply a *de novo* standard of review.

## CONCLUSION

For the reasons set forth above and in the Report and Recommendation (Dkt. 304), Defendants' objections are overruled and Defendants' motion for leave to amend (Dkt. 235) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 12, 2016
Rochester, New York