UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                          Plaintiff,               **ORDER**

v.

                                                       12-CV-00904(S)(M)

GEA PROCESS ENGINEERING, INC.,
d/b/a GEA PROCOMAC and GEA
PROCOMAC S.p.A.,

                          Defendants.
_____

        On January 13, 2020, I held a telephonic conference with counsel to informally address Steuben's request for additional discovery [587].[1] In an e-mail following the conference, Steuben asked me to "enter an order formalizing [the] denial of Steuben's requested discovery", in order "to seek review of this decision as expeditiously and efficiently as possible". GEA responded by e-mail, stating that although it "would not object to a written order that incorporates your decision during the conference", it "notes that a formal written order seems unwarranted in view of the informal and underdeveloped record. For example, Steuben never served a deposition notice or e-mail discovery requests and did not even provide Court with a copy of the e-mail discovery requests it sought to compel."[2]

        I am surprised that Steuben considers my statements at the January 13 conference to be a formal discovery ruling. As I stated on January 13, "these conferences are not a decision on a formal motion". [587], p. 25. From past practice in this case, the parties are very familiar

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to numbers reflected on the documents themselves rather than to CM/ECF pagination.

[2]     If Steuben seeks review of the January 13 conference from District Judge Elizabeth Wolford, it should provide her with these e-mails and the correspondence which led to that conference.

with my treatment of discovery disputes, namely that I first hold an informal conference which, if unsuccessful in resolving the dispute, may be followed by a formal motion.[3]

During the January 13 conference, counsel for Steuben stated that he "didn't serve a deposition notice because discovery is stayed". [587], p. 20. He is mistaken: although discovery had earlier been stayed, it was no longer stayed following Judge Wolford's September 16, 2019 Decision and Order, in which she stated that "further discovery into the state of general knowledge regarding oxonia's suitability as a sterilant at the relevant time is necessary". [577], p. 22. My October 3, 2019 Text Order [581] established deadlines "with respect to the issue of the sufficiency of the written description regarding oxonia, *without prejudice to Steuben's ability to apply for related fact discovery*" (emphasis added), and Steuben has never sought to extend those deadlines. *See* [587], pp. 24-5.

That Text Order set a deadline of December 2, 2019 for GEA's expert disclosure, and January 24, 2020 for Steuben's responding expert disclosure. Since GEA has elected not to offer an expert on the written description issue ([587], pp. 12, 23), I take no position at this time on whether Steuben need do so in this case. However, the same deadlines have been set in related cases, Nestle has timely served an expert disclosure in case 13-cv-892. Therefore, Steuben' responsive expert disclosure in that case is due by January 24, 2020 (13-cv-892 [413]). As a practical matter, even if I were to order discovery from GEA at this late date, it could not be produced in time to make a difference for that deadline. *See* Gavenda v. Orleans County, 182

---

[3] In fact, that procedure is posted under my name in the "Judges' Info" section of this court's public website: "If discovery disputes arise, the parties shall initially advise the court of the dispute via letter (copying opposing counsel).  Upon review of the letter, Judge McCarthy will generally schedule a conference with the parties to attempt to resolve the issue informally.  If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion.  This informal discovery dispute resolution process is not expedited motion practice."

F.R.D. 17, 20 (W.D.N.Y. 1997) ("[d]iscovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed").

To summarize, I have not ruled that Steuben is not entitled to discovery from GEA - I have said only that I will not order discovery at this time. As GEA suggests, Steuben's discovery requests should be "at the very least formalized and turned into a motion practice so that we see exactly what Steuben is going to request from GEA". [587], p. 18. In doing so, Steuben may be guided by my general comments at the January 13 conference as to the proper scope of discovery.

**SO ORDERED**.

Dated:  January 15, 2020

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge